IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KEVIN WELNEL,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, et al.,<br><br>Respondents. | CV 15-94-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Kevin Welnel's application for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Welnel is a state prisoner currently incarcerated in the Montana State Prison and proceeding pro se.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to examine a Section 2254 habeas petition. The Court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Pursuant to Rule 4, the Court has reviewed the merits of Welnel's petition. The petition is without merit and should be denied.

**A. Background**

In June 2012, Welnel was charged with felony driving under the influence (DUI) and three misdemeanors in Montana's Seventh Judicial District Court,

1

Richland County. *Welnel v. Kirkegard*, OP 15-0566, Or. at 1 (filed Sept. 29, 2015).[1] After Welnel entered into a plea agreement, the trial court sentenced him on April 3, 2012, to the Department of Corrections for 13 months for placement in the WATCh residential alcohol treatment program. *Id*. In addition, the trial court committed Welnel to the Department of Corrections for an additional four-year suspended term to run consecutively to the thirteen-month commitment. *Id*. at 1-2. Following his release from custody, the State filed a petition to revoke Welnel's sentence; the trial court granted the petition. On January 24, 2014, Welnel's four-year suspended sentence was revoked, and he was re-committed to the Department of Corrections. *Id*. at 2. The trial court acknowledged that Welnel would be screened at the Missoula Assessment and Sanction Center for placement within the Department. The court recommended that if Welnel "resides in a judicial district with a D.U.I. treatment court or other adult felony treatment court, he shall enter, participate in and successfully complete" the treatment court. *Id*.

Apparently Welnel was placed at the Montana State Prison. He went before the Parole Board on May 29, 2015, and the Board denied him parole. Welnel then filed a petition for a writ of habeas corpus in the Montana Supreme Court. *Welnel v. Kirkegard*, OP 15-0566, Pet. (filed Sept. 18, 2015). Welnel argued that the denial of parole resulted in an unlawful incarceration and violated the order of the

---

[1] *Available at*: https://supremecourtdocket.mt.gov (accessed Nov. 20, 2015).

trial court. *Welnel v. Kirkegard*, OP 15-0566, Or. at 2. Welnel believed the trial court intended for him to serve a short custodial sentence and be returned to a "community placement" for the remainder of his sentence. *Id*. He claimed the Board unjustly questioned the effectiveness of treatment as an option for Welnel and relied upon an old conviction in denying his parole. *Id*. Welnel also asserted the Parole Board discriminated against him because he is Native American, he has a liberty interest in parole, and he was not given any new recommendations to complete while he waits to be released. *Id*.

The Montana Supreme Court denied relief, finding Welnel failed to demonstrate that his continued incarceration violates the trial court's order. *Id*. The Court noted that the trial court sentenced Welnel to four years with the Department of Corrections with the explicit understanding that he would be screened at the Missoula Assessment and Sanction Center. Montana State Prison was a possible placement following screening. *Id*. at 3. Because Welnel provided no support for the contention that the Board discriminated against him, the Court declined to address the allegation. *Id*. Further, the Court noted that the Board has broad discretion and authority when conducting hearings and deciding whether or not to release an individual. *Id*., citing Mont. Code Ann. §§ 46-23-201(2) and 46-23-202. By statute, the Board was free to consider Welnel's prior conviction. Finally, the Court noted that Welnel had no liberty interest in parole. Since 1989,

3

release on parole has been discretionary. *Id*. at 3-4. Welnel therefore failed to demonstrate the he was incarcerated illegally. *Id*. at 4.

### B. Claim

Welnel's argument here is similar to his argument before the Montana Supreme Court. He argues he is unlawfully held at the Montana State Prison. In support of this argument, he asserts that his continued incarceration contravenes what the trial court told him would be his sentence. (Doc. 1 at 2). Welnel states that at his parole hearing he was "flopped" for an additional year based upon conjecture and assumption rather than fact. *Id*. He notes that there were no Native Americans on his three-member parole panel and that a 25-year old discharged crime was used against him. *Id*. at 2-3. Given that he is "treatment complete," Welnel finds no basis for his continued incarceration and asks this Court to order his immediate release. *Id*. at 3-4.

### C. Analysis

A federal court conducting habeas review is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (per curium). While Welnel does not articulate the federal ground underlying his petition, the undersigned assumes for purposes of analysis that he is attempting to claim a due process violation.

4

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that a state shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. XIV, § 1. To state a due process violation, an individual must establish the existence of a constitutionally recognized liberty interest that is protected by the Due Process Clause and must demonstrate the procedures afforded the individual for the protection of the liberty interest were constitutionally deficient. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

It is well established that there is no substantive federal right to release on parole, and "the only federal right at issue" in the context of habeas claims regarding parole hearings is a procedural right. *Swarthout v. Cooke*, 562 U.S. 216, 222 (2001). With respect to parole hearings, an inmate is constitutionally entitled only to an opportunity to be heard and a statement of reasons why parole was denied. *Swarthout*, 562 U.S. at 220. The "beginning and the end of federal habeas" analysis is whether the inmate received the minimal procedural protections required under the Due Process Clause. *Id*. Thus, any liberty interest Welnel had to be considered for release would have to be grounded in state law.

It is undisputed that Welnel appeared for a hearing before the Parole Board on May 29, 2015. Montana law allows the Board to adopt any rules that it deems proper or necessary in relation to prisoners' eligibility for parole and the conduct of

parole hearings. Mont. Code Ann. § 46-23-218(1) (2014). Additionally, as the Montana Supreme Court observed, the Board has "training . . . regarding American Indian culture and problems" so that the Board can "deal appropriately with American Indian inmates appearing before the [B]oard." *Welnel v. Kirkegard*, OP 15-0566, Or. at 3, citing Mont. Code Ann. § 46-23-218; Admin. Mont. R. 20.25.102 (2010). Welnel had the opportunity to be heard at his hearing before the Parole Board, and the Board advised him of the reasons it denied his parole. The fact that Welnel is unhappy with the Board's reasons for denial does not create a federal liberty interest. By virtue of the hearing itself, Welnel was provided with the minimal procedural protections afforded to him under the Due Process Clause.

Further, any error that Welnel claims in either the interpretation or application of Montana law by the Parole Board or the Montana Supreme Court fails because it is not subject to review by a federal court. *See Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002) ("[a] state court has the last word on interpretation of state law") (citations omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

Because the Parole Board had discretion to deny Welnel parole under Montana law, Welnel cannot prevail on a due process claim in this habeas action. Accordingly, his petition should be denied.

### D. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Welnel has not made a substantial showing that he was deprived of a constitutional right. There are no close questions, and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### RECOMMENDATIONS

1. Mr. Welnel's petition (Doc. 1) should be DISMISSED and DENIED for lack of merit.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

# NOTICE OF RIGHT TO OBJECT
# TO FINDINGS & RECOMMENDATION
# AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Welnel may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Welnel must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this  24th day of November, 2015.

/s/ John T. Johnson
John Johnston
United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.